**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TIMOTHY DUNN, | : | CIV. NO. 16-3558(RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| CHARLES E. SAMUELS, Jr., *et al.*, | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of a prisoner civil rights complaint. (Compl., ECF No. 1.) Plaintiff is confined in the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. (Id., ECF No. 1 at 3.) He failed to pay the $400 filing fee (including a $50 administrative fee) or to alternatively submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

I.   FILING FEE

28 U.S.C. § 1915(a) provides that a prisoner seeking to bring a civil action without prepayment of fees shall submit an affidavit indicating the person is unable to pay such fees, and shall also "submit a certified copy of the trust fund account statement for the prisoner for the 6-month period immediately preceding the filing of

1

the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff has not done so, and this case will be terminated. See Local Rule 5.1(f) ("[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute . . . shall be marked "received"); see 28 U.S.C. § 1914 (establishing filing fee). Plaintiff will be given the opportunity to reopen this matter by paying the filing fee or submitting a properly completed IFP application.

II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

After Plaintiff pays the filing fee or is granted in forma pauperis status, the Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.[1] The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

III. DISCUSSION

    A.    The Complaint

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or properly obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

Plaintiff alleges the following in his Complaint. Charles E. Samuels Jr. is the Director of the Federal Bureau of Prisons, and he is responsible for all civil rights violations by BOP employees and agents who violated Plaintiff's constitutional rights from 2012 through 2016. (Compl., ¶4(b)). J.L. Norwood, the Regional Director of the Federal Bureau of Prisons, denied Plaintiff's tort claim and all administrative remedies to date. (Id., ¶4(c)).

Dr. Nicolette Turner-Foster is a doctor at FCI Fort Dix who misdiagnosed Plaintiff's condition as gout, and failed to approve a needed operation. (Id., ¶4(d)). Rolando Newland, the Clinical Director at FCI Fort Dix, is responsible for Dr. Turner-Foster's misdiagnosis. (Id., ¶4e)). Dr. Rivi Sood, also a doctor at FCI Fort Dix, misdiagnosed Plaintiff with gout on February 1, 2013, and again on August 25, 2014. (Id., ¶4(f)).

D. Mclain, D.O. is the Clinical Director at FCI Beckley.[2] (Id., ¶4(g)). Dr. Mclain initially misdiagnosed Plaintiff's medical condition on May 29, 2009. (Id.) Dr. Jennifer Jung is a radiologist at the University of Maryland who misread Plaintiff's x-ray (Id., ¶4(h)).

Plaintiff attached a number of exhibits to his Complaint. "Because the court can take judicial notice of facts [attached as

---

[2] FCI-Beckley is located in Beaver, West Virginia. Available at https://www.bop.gov/locations/institutions/bec/

3

an exhibit to a complaint] in adjudicating a motion to dismiss under 12(b)(6), and the standards under 12(b)(6) and under the PLRA are the same regarding complaints that fail to state a claim, the court may likewise take judicial notice of facts in its sua sponte screening of complaints under the PLRA." Evans v. Rozum, Civ. Action No. 07-230J, 2008 WL 5068963 at *6 (W.D. Pa. Nov. 24, 2008). One of the exhibits to the Complaint is the tort claim Plaintiff submitted to the Bureau of Prisons Northeast Regional Office. (Compl., Ex. ECF No. 1-2 at 1-3.) In his tort claim, Plaintiff stated:

> The failure to properly diagnose and provide care and treatment for a "Heel Spur" constitutes negligence and/or deliberate indifference to a serious medical condition.
>
> The factual basis for this tort claim is that for nearly six years I have repeatedly complained about swelling and severe pain in my right foot, which medical condition was initially diagnosed as GOUT, and thus, the treatment prescribed was a suggestion to purchase Tylenol from the commissary, to be careful of whatever I eat, and to return to sick call as needed.
>
> Subsequent ex rays [sic] revealed that I was erroneously diagnosed as having gout, and that the swelling and pain I was suffering was the result of a prior injury to my foot. However, rather than recommending that my foot be broken and re-set, as I was specifically told was absolutely necessary, the only medical care and treatment I received was a prescription for ibuprofen, heel cups and medical shoes, which incidentially [sic] did not stop the swelling

4

> and pain from continuing almost on a daily basis.
>
> Finally my medical condition was diagnosed as "MTP with Superimposed DID Heel Spur." However, my persistent requests to have said heel spur surgically removed, or at the very least, a podiatry consultation, were both denied. . .

(Id., at 3.)

Another attachment to the Complaint is an affidavit Plaintiff submitted with his Administrative Claim No. TRT-NER-2015-03826. (Id., at 11.) In his affidavit, Plaintiff said he was suffering pain in his right foot and toe since 2009. Dr. Turner-Foster looked at his foot and diagnosed gout. Plaintiff was prescribed NSAIDS for four years until he saw a podiatrist, who said he did not have gout, he had a chronic non-healed bone fracture that requires extensive surgical repair to relieve Plaintiff's symptoms. Due to the medications Plaintiff was taking for years, his creatine levels are elevated. Plaintiff's pain and suffering has been unbearable at times.

Yet another exhibit to the Complaint suggests that Dr. Turner-Foster first saw Plaintiff at FCI Fort Dix in November 2011, when she diagnosed Plaintiff with gout. (Compl., Ex. ECF No. 1-2 at 14.) Plaintiff underwent a podiatry consultation on May 13, 2015, when he learned he had a chronic non-healed bone fracture, not gout. (Id.)

5

B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") subjects the United States to liability for the tortious conduct of federal government employees occurring within the scope of employment. 28 U.S.C. §§ 1346(b), 2671 *et seq*. Before this Court can exercise jurisdiction over Plaintiff's FTCA claim, Plaintiff must meet the criteria of 28 U.S.C. § 1346(b)(1), which contains six threshold requirements. CNA v. U.S., 535 F.3d 132, 141 (3d Cir. 2008). An FTCA claim must be made:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United states, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Id. (quoting FDIC v. Meyer, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original)).

Plaintiff seeks to bring his negligence claims for misdiagnosis under the Federal Tort Claims Act, 28 U.S.C. § 2675 *et seq.*, but he has not included the United States as a defendant in this action. FTCA claims are not properly brought against federal employees.

Plaintiff should file an amended complaint alleging his FTCA claims solely against the United States.

"A plaintiff cannot institute an FTCA suit until he or she presents the claim to a federal agency and receives a final decision on the claim." Accolla v. U.S. Government, 369 F.3d App'x 408 (3d Cir. 2010) (citing 28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 112 (1993)). If the agency has not acted on the claim within six months, the claimant may treat the failure to issue a decision as a final decision. See id. Exhaustion of all administrative remedies under the FTCA "is jurisdictional and cannot be waived." Bialowas v. U.S., 443 F.2d 1047, 1049 (3d Cir. 1971).

Plaintiff alleged his administrative tort claim was denied in October 2015, and he requested reconsideration. However, Plaintiff did not indicate when, if ever, he received a response to his request for reconsideration. Plaintiff should submit an amended complaint to establish that this Court has jurisdiction over his FTCA claim, either because the agency failed to issue a decision within six months of his request for reconsideration or because he received the final agency decision, and then filed this action within six months.

D. Bivens Actions

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that

8

damages may be obtained for injuries caused by "a violation of the Fourth Amendment by federal officials." Bivens also extends to Eighth Amendment claims by prisoners. See e.g., Carlson v. Green, 446 U.S. 14 (1980). In the limited settings where Bivens applies, "the implied cause of action is the 'federal analog to suits brought against state officials under ... 42 U.S.C. § 1983.'" Iqbal, 556 U.S. at 675-76 (quoting Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006)). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a Bivens claim against the offending individual officer, subject to the defense of qualified immunity." Corr. Services. Corp. v. Malesko, 534 U.S. 61, 72 (2001).

    1.   Inadequate Medical Care Under the Eighth Amendment

Bivens actions have been extended to Eighth Amendment claims based on inadequate medical care of prisoners. See e.g. Ruiz v. Federal Bureau of Prisons, 481 F. App'x 738, 741 (3d Cir. 2012) (prisoner's claim against BOP Director "could have proceeded if properly pled [but] he did not allege in any of his complaints that [the] Director . . . had any personal involvement in the denial of his medical care") (citing Iqbal, 556 U.S. 662; Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71-72 (3d Cir. 2011). To state an Eighth Amendment claim, "a prisoner must show that the defendants exhibited 'deliberate indifference to serious medical

9

needs.'" Tsakonas v. Cicchi, 308 F. App'x 628, 631-32 (3d Cir. 2009) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Supervisors may be liable for their subordinates' Eighth Amendment violation "if it is shown that they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" Id. (quoting A.M. ex rel. J.M.K. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir.2004) (quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)). There is no liability where the defendant's only involvement in the alleged unconstitutional conduct is responding to an administrative remedy request. See Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (alleged inappropriate response to later-filed grievances about medical treatment do not establish personal involvement in the treatment itself).

          a. Claims against supervisory officials

Plaintiff's claims against Charles E. Samuels, Jr., J.L. Norwood, and Rolando Newland are based on their supervisory roles over the prison and/or over medical staff at FCI Fort Dix. For Bivens actions, as with liability under 42 U.S.C. § 1983, a supervisor is not liable solely for the unconstitutional conduct of an employee. Dinote v. Danberg, 601 F. App'x 127, 131 (3d Cir. 2015)(citing Barkes

v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2015) reversed on other grounds by Taylor v. Barkes, 135 S.Ct. 2042 (2015). Therefore, Plaintiff has improperly pled claims against Samuels, Norwood and Newland.

          b.    Claims against Drs. Turner-Foster, Sood, Mclain and Jung

Plaintiff alleges Drs. Turner-Foster, Sood, Mclain and Jung misdiagnosed him. "Mere medical malpractice cannot give rise to a violation of the Eighth Amendment." White v. Napolean, 897 F.2d 103, 108 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Claims of misdiagnosis sound in negligence, and do not constitute deliberate indifference. Weigher v. Prison Health Services, 402 F. App'x 668, 671 (3d Cir. 2010). Therefore, Plaintiff has improperly pled Bivens claims based on misdiagnosis against Drs. Turner-Foster, Sood, Mclain and Jung.

Plaintiff further alleged that Dr. Turner-Foster failed to approve surgery for his heel spur, and he continues to suffer pain as a result. Although failure to prescribe the treatment an inmate desires does not violate the Eighth Amendment, a doctor may be liable for deliberate indifference to a serious medical need if the doctor "insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm to the prisoner." White, 897 F.2d at 109; see Monmouth County

11

Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("mere disagreement as to the proper medical treatment" does not support a claim of an Eighth Amendment violation). Plaintiff has not alleged sufficient facts to show that Dr. Turner-Foster insisted on continuing an ineffective course of treatment after he was diagnosed with a heel spur. Plaintiff may cure this deficiency by alleging additional facts concerning his communications with Dr. Turner-Foster.

IV. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will administratively terminate this action. Plaintiff may reopen this action by paying the $400 filing fee or alternatively submitting a properly completed IFP application. Plaintiff will also be permitted to file an amended complaint to cure the deficiencies in the present complaint.

s/RENÉE MARIE BUMB_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

**DATED** JULY 6, 2016

12